# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KINSALE INSURANCE COMPANY,

*Plaintiff,*

vs.

Case No. 18-CV-1239-EFM-GEB

BRANDON STEVEN MOTORS, LLC and EDDY'S MOTORS, LLC

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Kinsale Insurance Company brings this declaratory judgment action against Defendants Brandon Steven Motors, LLC ("BSM") and Eddy's Motors, LLC seeking a declaration that BSM is not entitled to coverage under Kinsale's excess property insurance policy. Defendants filed an Answer and set forth five defenses under an "Affirmative Defenses" section. Plaintiff has now filed a Motion to Strike all of Defendants' defenses (Doc. 10). The Court finds that several of Defendants' defenses are not true Affirmative Defenses. In addition, the Court finds that several of Defendants' Affirmative Defenses were not plead with adequate notice. Thus, the Court strikes these defenses without prejudice to refiling.

### I. Factual and Procedural Background

Plaintiff Kinsale issued an excess property insurance policy to BSM and Eddy's Motors. BSM is a car dealership with its principal place of business in Wichita, Kansas. On March 21,

2018, BSM notified Plaintiff of a claim for alleged damages to vehicles at eight of its car dealerships. Approximately two weeks earlier, on March 6, 2018, winds blew dust particles that affected approximately 1,200 new and used vehicles. The resulting granule-size specks on the vehicles were not visible to the naked eye in most instances.

Defendant BSM requested payment for the cost of removing and repairing sections of the vehicles with a speck. Despite its claim, BSM sold most of the vehicles. No repairs were made to the vehicles. BSM received $2,500,000 in insurance proceeds from its primary insurer in excess of its $500,000 deductible. Plaintiff requested information from BSM to complete its investigation in evaluating coverage. BSM failed to provide Plaintiff with complete information.

Plaintiff brought suit on August 24, 2018, asserting seven claims related to its insurance contract with BSM. Plaintiff contends that it does not owe Defendants any coverage. Defendants filed an Answer, asserting five enumerated defenses, in November. Plaintiff has now filed a Motion to Strike Defendants' defenses asserted in the Answer.

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is well-settled that motions to strike are generally disfavored because they are drastic measures and can be used as a dilatory tactic.[1] The decision of whether to strike material from a pleading is within

---

[1] *See Fed. Deposit Ins. Corp. v. Niver*, 685 F. Supp. 766, 768 (D. Kan. 1987) ("A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

the discretion of the Court.[2]  "A defense is insufficient if no circumstances exist under which it can succeed as a matter of law."[3]  The Court, in its discretion, may defer ruling on the sufficiency of a defense.[4]  "Even when striking a defense is warranted, the Court may grant leave to amend to address the insufficiency."[5]

The *Twombly/Iqbal* heightened pleading standard is applicable to Affirmative Defenses.[6] "In both stages of pleading—claims for relief and affirmative defenses—the opposing party must be given notice, at minimum, that there is a plausible basis for the claim or defense."[7]  Conclusory or vague statements generally do not provide adequate notice.[8]

### III.    Analysis

Defendant asserted all five of its defenses under a section entitled "Affirmative Defenses." Plaintiff seeks to strike each defense.  It contends that they are conclusory, vague, and do not meet the heightened pleading requirement for Affirmative Defenses.

**A.    First defense**

---

[2] *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) ("Although motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.") (quotation marks and citation omitted).

[3] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011) (citation omitted).

[4] *Layne Christensen Co. v. Bro-Tech Corp.*, 2011 WL 3847076, at *6 (D. Kan. 2011).

[5] *Id.*

[6] *See Constr. Indus. Laborers Pension Fund v. Explosive Contractors, Inc.*, 2013 WL 3984371, at *2 (D. Kan. 2013).

[7] *Id.* (citing *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1172 (N.D.Cal. 2010) (concluding that because both forms of pleading—claims for relief and affirmative defenses—are governed by Rule 8, and because the *Twombly/Iqbal* standard is an interpretation of Rule 8, the same pleading standard should apply).

[8] *Id.*

Defendants assert, as their first defense, that Plaintiff fails to state a claim. Both parties appear to agree that this defense is not an Affirmative Defense.[9] Thus, the Court will strike it as an Affirmative Defense. Practically speaking, however, even though not an Affirmative Defense, the Defendants can still assert it as a defense in this case at a later date.

**B.     Second defense**

Defendant asserts that Plaintiff's claim is barred because Brandon Steven complied with the requirements of the excess policy. This defense is also not an affirmative one. Accordingly, the Court will strike it as an Affirmative Defense. Again, the striking of it as an Affirmative Defense does not preclude Defendants from asserting it as a general defense at a later date.

**C.     Third defense**

Defendants' third defense is that Plaintiff's claim is barred by the doctrine of estoppel. Estoppel is listed as an Affirmative Defense in Fed. R. Civ. P. 8(c)(1). Here, Plaintiff contends that the boilerplate defense lacks substance. The Court agrees as there are no supporting contentions giving plausible notice for this defense. Thus, the Court strikes this Affirmative Defense without prejudice to refiling. If Defendants would like to assert estoppel as an Affirmative Defense, Defendants must file an Amended Answer, with facts supporting this Affirmative Defense, within 21 days of this Order.

**D.     Fourth defense**

In Defendants' fourth defense, they stated that Plaintiff's claims are barred because Plaintiff failed to act in good faith and deal fairly with Brandon Steven. Plaintiff asserts that this

---

[9] One of the issues in this case appears to be that all defenses were included under the section entitled "Affirmative Defenses."

defense is conclusory.  Plaintiff also contends that it is procedurally barred because Kansas does not recognize bad faith claims with regard to first-party insurance claims.

Defendants do not bring a bad faith claim against Plaintiff, but rather assert it as a defense. In addition, Defendants contend that this defense may have relevance in the future of this case if they seek attorney's fees.  This defense, however, is not an Affirmative Defense.  Accordingly, the Court strikes it as an Affirmative Defense.  Again, however, practically speaking, it does not affect Defendants' ability to raise this defense generally.

**E.      Fifth defense(s)**

Finally, Defendants assert in their fifth defense that Plaintiff's claims are precluded by the doctrines of waiver, laches, and unclean hands.  Again, as this Court has previously stated, the pleading of Affirmative Defenses requires more than conclusory statements.  Thus, the Court strikes theses defenses.  If Defendants would like to assert these Affirmative Defenses, Defendant must file an Amended Answer, with facts supporting these defenses, within 21 days of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. 10) is hereby **GRANTED**.  With regard to the actual affirmative defenses, they are stricken without prejudice to refiling.  If Defendants would like to assert these Affirmative Defenses, Defendant must file an Amended Answer, with facts supporting these defenses, within 21 days of this Order.

**IT IS SO ORDERED**.

Dated this 2nd day of May, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE